# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| In re: | : |
| | :   Case No. 16-55719 |
| RICHARD DEE RAUSCH | :   Chapter 11 |
| KAREN BETH RAUSCH | :   Judge Hoffman |
| | : |
|     Debtors. | : |

## OBJECTION TO DEBTORS' DISCLOSURE STATEMENT (Doc. 35) BY FIRST BANK

    First Bank is a Class 3.2 creditor of debtors.  For the reasons in the accompanying memorandum, First Bank objects to the Disclosure Statement on the basis that it fails to provide adequate information to First Bank and other creditors of "a kind and in sufficient detail, as far as reasonably practicable in light of the nature and history of the debtor … that would enable a hypothetical reasonable investor … to make an informed judgment about the plan…" #1125(a)(1).

    Respectfully submitted,

    LUPER NEIDENTHAL & LOGAN

    A Legal Professional Association


    By /s/ Frederick M. Luper_____
    Frederick M. Luper    (0019289)
    Attorneys for First Bank
    50 W. Broad Street, Suite 1200
    Columbus, OH  43215
    (614) 221-7663  Telephone
    (866) 345-4948  Fax
    Email:  fluper@lnlattorneys.com

## MEMORANDUM IN SUPPORT OF OBJECTION

1. The Plan attached to the Disclosure Statement indicates the amount of money the debtors anticipate devoting to the plan over the next 5 years.  In order to evaluate the Plan, creditors need to know how that amount was arrived at.  In this case it seems to be the net income from the debtors' schedules (i) and (j).  Those schedules are not reproduced in the Disclosure Statement.  If they were listed, they would show that debtors pay $414 per month for cellular, cable and internet services which creditors need to know when making a determination as to whether the $3,513  per month is their real "net disposable income required by the Bankruptcy Code to be devoted to the plan by an individual Chapter 11 debtor."  See #1129(a)(15(B).  In addition, they propose to continue voluntary contributions to their retirement plans in an amount in excess of $1,036/month.  Creditors need to understand this amount so they can determine whether to accept or reject a plan which does not devote this amount to their creditors.  Finally, in Exhibit D to their Disclosure Statement, they fail to project the amount of future tax refunds which should be a part of disposable income and must be devoted to their Plan.  It should be noted that their 2015 refund was $9,777.  Similar refunds for the next 5 years would add $48,555 to disposable income which could be devoted to the plan.  Debtors will no doubt argue that the 2015 refund was because they had tax losses and/or depreciation from the Buck Ridge Golf Course, which they won't have going forward.  However, a review of their income and expense schedules shows they have added an *additional* $600 a month in taxes because they will no longer have the Buck Ridge tax losses.  Adding the $1,036 voluntary contributions to their retirement plan would add an additional $62,160 to disposable income should the court determine that this amount should be devoted to the Plan.

2. There is inadequate information as to why LSCG and First Bank are both classified as Class 3.2 creditors. If a creditor does a detailed search of the Disclosure Statement, he can determine that the debtors value the golf course real estate at $683,501. One can also discern that LSCG has a first mortgage and that there is a pending foreclosure. However, in treating its claim, debtors propose that LSCG should "update" its claim after the foreclosure sale, thereby ignoring debtors' obligation to object to LSCG's claim *ab initio* so only its net claim gets paid from the allocation to Class 3.2. So the question which should be answered in the Disclosure Statement is, "How much is LSCG's net unsecured claim after it is 'updated.'?"

3. On the other hand, debtors seem to imply that First Bank has a valuable secured claim in the Buck Ridge real estate, and also a guarantee from Buck Ridge which is valuable. If it makes this assertion, debtors should put the value of First Bank's secured claim (if any) and the value of the Buck Ridge guaranty into the Disclosure so all parties can understand the value of the proposed distribution to each of the Class 3.2 creditors. First Bank believes that if the debtors disclose their estimate of the value of the secured claim and the Buck Ridge guaranty to First Bank, that value will be zero, and that First Bank's claim, unlike LSCG's is totally unsecured. These issues obviously play into Plan objections later in this case, but without the facts being laid out in a straight forward and candid manner, the court will have a more difficult time understanding the anticipated Plan objections on the basis of (1) debtors not devoting 5 years of net disposable income to the Plan and (2) unreasonably classifying First Bank in the

same class as LSCG solely for gerrymandering purposes.

        Respectfully submitted,

        LUPER NEIDENTHAL & LOGAN

        A Legal Professional Association

        By /s/ Frederick M. Luper
        Frederick M. Luper     (0019289)
        Attorneys for First Bank
        50 W. Broad Street, Suite 1200
        Columbus, OH  43215
        (614) 221-7663  Telephone
        (866) 345-4948  Fax
        Email:  fluper@lnlattorneys.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *[insert name of document]* was served **electronically** on March 16, 2017 through the Court's ECF System on all ECF participants registered in this case at the email address registered with the court.

And by **ordinary U.S. Mail**, on March 16, 2017 addressed to all parties shown below:

Richard Dee Rausch
Karen Beth Rausch
17483 Robinson Rd
Marysville, OH  43040


        /s/Frederick M. Luper
        Frederick M. Luper    (0019289)