IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:
    Richard D. Rausch                                          Case #16-55719
    Karen B. Rausch                                          Chapter 11
                 Debtors                                          Judge Hoffman

DEBTORS-IN-POSSESSION RICHARD RAUSCH AND KAREN RAUSCH'S AMENDED
PLAN OF REORGANIZATION, DATED APRIL 24, 2017

ARTICLE 1
SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Richard Rausch and Karen Rausch (the "Debtor" or "Debtors") from anticipated wages and federal income tax refund.

This plan provides for one class of secured claims; four classes of unsecured claims; and one class designated for the Debtors' interests. The Debtors will pay a total of $403,000.00 to members of Classes 3.1, 3.2, and 3.3, which is estimated to be approximately 25% of the allowed claims. This Plan also provides for the payment of administrative and priority claims.

**All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.**

A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1. All allowed claims entitled to priority under §507 of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)).

2.02    Class 2.  The Secured Claim of Huntington National Bank.

2.03    Class 3.1.  General, Unsecured Co-signed Claim of LSCG Fund 31, LLC.

2.04    Class 3.2.  General, Unsecured Co-Signed Claim of First Bank

2.05    Class 3.3  All Other General, Unsecured Claims

2.06   Class 3.4  Lease Agreements with Honda of America, Mfg. Inc.

2.07   Class 4.  The interests of the individual Debtor in the property of the estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.  Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02   Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in case, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   Priority Tax Claims.  On or before June 15, 2017, the Debtors will file an objection to the State of Ohio Department of Taxation's proof of claim.  To the extent there is a balance owed after entry of a final order resolving the claim objection, each holder of a priority tax claim will be paid in regular quarterly installments for a period not exceeding five years.

3.04   United States Trustee Fees.  All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 Priority Claims | Unimpaired | On or before June 15, 2017 the Debtors will file an objection to the State of Ohio Dept. of Taxation's proof of claim.  To the extent there is a balance owed after entry of a final order resolving the claim objection the Debtors will make regular, quarterly payments to be completed within 5 years |
| Class 2  Secured Claim of Huntington National Bank | Unimpaired | Each holder of a Class 2 Secured Claim will be paid in full at the contractual rate of interest in accordance with the underlying promissory note and/or mortgage between the debtors and any class 2 claimholder, unless otherwise agreed upon between the debtor and any Class 2 claimholder. |

| | | |
|---|---|---|
| | | Monthly payment: $546.81<br>Payments begin 9/2016<br>Payments end 3/2034<br>Interest Rate: 5.75% fixed |
| <u>Class 3.1</u> General, Unsecured Co-signed Claim of LSCG Fund 31, LLC | Impaired | The claim of LSCG Fund 31, LLC is secured by real estate and personal property owned by Buck Ridge Golf Course Inc. The value of the security interest is estimated to be between $683,500.00-$826,000.00. The Union County Auditor valued the real estate at $742,000.00.<br><br>LSCG Fund 31, LLC is expected to liquidate the security interest through a sheriff's sale conducted by the Union County Sheriff's Department.<br><br>The deficiency claim is expected to be between $0.00 and $100,222.00.<br><br>Debtors shall fund payments to Class 3.1 from their wages and 2015 federal income tax refund.<br><br>Debtors shall pay 25% of the deficiency claim to Class 3.1, estimated to be between $0.00 and $20,000.00, but in any event, not to exceed $25,000.00.<br><br>Class 3.1 will be paid in the following manner:<br><br>Class 3.1 will receive 2% of its anticipated deficiency claim of $100,000.00 on the effective date of the Plan. Class 3.1 will receive regular, quarterly payments beginning the quarter LSCG Fund 31, LLC files an amended proof of claim disclosing the deficiency owed after sale of its security interest. Payments will be completed in or before July 2022.<br><br>Any funds not disbursed to Class 3.1 shall be divided pro-rata amongst Classes 3.2 and 3.3. |
| <u>Class 3.2</u> General, Unsecured Co-signed Claim of First Bank | Impaired | The claim of First Bank is secured by real estate owned by Buck Ridge Golf Course, Inc. Due to secured claims of higher priority, First Bank is unlikely to recover any funds from the sale of the security interest.<br><br>Debtors shall fund payments to Class 3.2 from wages and Debtors' 2015 federal income tax refund. |

| | | |
|---|---|---|
| | | Debtors shall pay 25% of any allowed claim in Class 3.2

The claims will be paid in the following manner: Holders of allowed claims in Class 3.2 will receive 2% of its allowed claim on the effective date of the Plan. Holders of allowed claims in Class 3.2 will receive regular, quarterly payments beginning July 2017. Payments will be completed in or before July 2022. |
| <u>Class 3.3   All Other General, Unsecured Claims</u> | Impaired | Debtors shall fund payments to Class 3.2 from wages and Debtors' 2015 federal income tax refund.

Debtors shall pay 25% of any allowed claim in Class 3.2

The claims will be paid in the following manner: Holders of allowed claims in Class 3.2 will receive 2% of its allowed claim on the effective date of the Plan. Holders of allowed claims in Class 3.2 will receive regular, quarterly payments beginning July 2017. Payments will be completed in or before July 2022. |
| <u>Class 3.4   Lease Agreement with Honda of America, Mfg, Inc.</u> | Impaired | By agreement of the parties, Debtor Richard Rausch will reject the October 2016 lease agreement for the 2016 Honda CR-V, which shall be returned to Honda of America Mfg. in July 2017 when Mr. Rausch accepts a temporary position in Mexico. Until July 2017, Mr. Rausch will continue making weekly payments of $18.50 through a wage-withholding.

Debtor Richard Rausch will accept the October 2016 lease agreement with Honda of America Mfg., wherein Mr. Rausch will pay $40.60 per week for a total of 103 payments via payroll deduction. |

| | | | |
|---|---|---|---|
| Class 4  Debtors | | Impaired | The Debtors' schedules disclose non-exempt assets with a value of $14,222.19.  All non-exempt assets will be paid to claimants in classes higher than the Debtors' class in the following manner:<br>Debtors shall retain their interest in the exempt assets listed on Schedule B.  Debtors will pay the equivalent of all non-exempt assets, or $14,222.19, on the effective date of Plan to pay administrative costs, priority claims, and plan payments as described above. |

ARTICLE V
ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claims that has not been allowed or disallowed, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final order.

5.03    Settlement of Disputed Claims.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

ARTICLE VI
PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

    (a)    The Debtor Richard Rausch will assume the lease agreement for the 2016 Honda Civic, wherein Mr. Rausch will pay $40.60 per week via payroll deduction until July 2017.  In July 2017 the payment will be reduced to $13.60 per week until October 2018 when Mr. Rausch enters into a new lease agreement with Honda of America, Mfg., Inc.

By agreement between the Debtors and Honda of America, Mfg. Inc. Debtor Richard Rausch will reject the October 2016 lease agreement to lease the 2016 Honda CR-V.  Mr. Rausch will return the vehicle in July 2017 when Mr. Rausch accepts a temporary position in Mexico.  Until July 2017, Mr. Rausch will continue making weekly payments of $18.50 through payroll deduction.
    (b)    The s will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or upon the effective date of this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later 30 days after the date of the order confirming this Plan.

ARTICLE VII
MEANS FOR IMPLEMENTATION OF THE PLAN

The Plan will be funded by the wages earned by Debtors-in-Possession Richard Rausch and Karen Rausch and the anticipated 2015 federal income tax refund. The Debtors-in-Possession will pay $403,000.00 to be paid pro-rata to members of Classes 3.1, 3.2, and 3.3, in addition to any payment for priority tax debt.

ARTICLE VIII
GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02    Effective Date of the Plan.  The effective date of this Plan is the first business day following the date that is fourteen days after entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.  The rights and obligations of any entity name or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.     The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

ARTICLE IX
DISCHARGE

9.01    Discharge.     Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in §1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully Submitted,

April 24, 2017                                                         /s/ Richard D. Rausch
DATE                                                                   Richard D. Rausch

                                                                                                                                 /s/ Karen A. Rausch
                                                                                                                                  Karen A. Rausch

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE:

    Richard D. Rausch                                                 Case #16-55719
    Karen B. Rausch                                                 Chapter 11
               Debtors                                                      Judge Hoffman

BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AMENDED PLAN OF REORGANIZATION

Debtors Richard Rausch and Karen Rausch filed an amended plan of reorganization dated April 24, 2017 and an amended disclosure statement dated April 24, 2017. The Disclosure statement provides information to assist you in deciding how to vote your ballot. If you do not have a disclosure statement you may obtain a copy from Amy E. Gullifer, counsel for Richard Rausch and Karen Rausch at 302 S. Main Street, Marysville, Ohio 43040, 937-644-9125 (phone), 936-644-0754 (fax). Court approval of the disclosure statement does not indicate approval of the plan by the Court.

**You should review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in a certain class under the Plan. If you hold claims or equity interest in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

If your ballot is not received by Amy E. Gullifer, counsel for Richard Rausch and Karen Rausch at 302 S. Main Street, Marysville, Ohio 43040, 937-644-9125 (phone), 936-644-0754 (fax) on or before _____ and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

DO NOT SEND YOUR BALLOT TO THE UNITED STATES BANKRUPTCY COURT

If this Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote. To have your vote count, you must complete and return this ballot.

CHECK ONE:        ACCEPT _____                      REJECT_____

This creditor is a member of the following class (check one):

    _____       Class 3.1

_____    Class 3.2

_____    Class 3.3

_____    Class 3.4

(Print or Type Name of Creditor)

_____    Date: _____

Signed By: _____

Address:_____

The original of this ballot should be mailed to:

Amy E. Gullifer
Bridges, Jillisky & Streng, LLC
302 S. Main Street
Marysville, Ohio 43040