**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO – EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 16-55719 |
| Richard D. Rausch | : | |
| Karen B. Rausch | : | Chapter 11 |
| Debtors. | : | |
| | : | Judge Hoffman |

**OBJECTION OF CREDITOR STATE OF OHIO, DEPARTMENT**
**OF TAXATION TO CONFIRMATION OF DEBTORS' AMENDED CHAPTER 11 PLAN**
**[DOC. 54]**

Now comes Attorney General Mike DeWine, acting through special counsel duly appointed as provided in Ohio Revised Code Section 109.08, on behalf of Creditor, the State of Ohio, Department of Taxation ("DOT"), and objects to the confirmation of Debtors' proposed Amended Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 54] on the grounds that: (1) the Plan fails to provide for the full payment of the DOT's priority tax claim within the time period required by 11 U.S.C. 1129(a)(9)(C)(ii), and (2) the Plan fails to provide that DOT will be paid the total value of the claim as of the date of the order for relief as required by 11 U.S.C. 1129(a)(9)(C)(i). A Memorandum further supporting this Objection is attached hereto.

Respectfully submitted,

/s/ Erin M. Dooley
Charles A. Mifsud (0070498)
Special Counsel to the Attorney General
Brian M. Gianangeli (0072028)
Erin M. Dooley (0089092)
THE LAW OFFICE OF CHARLES MIFSUD, LLC
6305 Emerald Parkway
Dublin, Ohio 43016
Phone – (614) 389-6357
Fax – (614) 389-2294
Attorneys for the State of Ohio,
Department of Taxation

**MEMORANDUM IN SUPPORT**

    A.    **Debtors' Plan Should Not Be Confirmed As It Fails To Provide For the Full Payment of DOT's Priority Tax Claim Within the Time Period Required by 11 U.S.C. 1129(a)(9)(C)(ii).**

DOT holds priority tax claims in this matter. DOT filed its proof of claim no. 5 on October 20, 2016. Debtors objected DOT's claim on June 16, 2017 - the objection is still pending. DOT's claim includes several sales tax assessments for various periods from July 2015 through March 2016. The sales tax assessments are entitled to priority under 11 U.S.C. 507(a)(8)(C). DOT's claim also includes a personal income tax assessment for 2013 and school district tax assessments for 2013, 2014, and 2015. The personal income tax assessment and school district tax assessments are entitled to priority under 11 U.S.C. 507(a)(8)(A)(i) and (ii). In the Plan, Debtors propose to make regular, quarterly payments to be completed within 5 years, Docket No. 54, p. 2. Debtors' Plan states that payments will be completed within 5 years but doesn't address when the 5 year period begins. 11 U.S.C. 1129(a)(9)(C)(ii) requires the Plan to pay priority tax claims "over a period ending not later than 5 years after the date of the order for relief …." The order for relief in this matter was issued on the petition date, August 31, 2016. As such, Debtors' Plan must complete payment of the priority claim of DOT by August 31, 2021.

    B.    **Debtors' Plan Should Not Be Confirmed As It Fails to Provide That the Payments to DOT Equal the Value of the Claim As of the Effective Date of the Plan As Required by 11 U.S.C. 1329(a)(9)(C)(i).**

Another requirement for confirmation under 11 U.S.C 1129(a)(9)(C)(i) is that the payments to DOT be "of a total value, as of the effective date of the plan, equal to the allowed amount of such claim." In other words, when priority tax claims are paid through deferred payments, "the debtor must then pay post-confirmation interest to give the creditor a total claim

after the deferred payments which is equal to the value of the claim as of the effective date." U.S. v. White Farm Equipment Co., 157 B.R. 117, 123 (N.D. Ill 1993).  See also In re Trevarrow Lanes, Inc., 183 B.R. 475, 481 (E.D. Mich Bkrtcy. 1995).

Debtors' Plan neither provides that DOT be paid the full value of its claim as of the effective date nor mentions any interest rate to be used in determining the full value.  Therefore, confirmation of Debtors' Plan should be denied.

### D.  Conclusion

Debtors' Plan fails to provide for full payment of DOT's priority tax claim within the time required or in the amount required by the plain language of 11 U.S.C. 1129(a)(9)(C).

WHEREFORE, for the foregoing reasons, DOT objects and asks this Court to deny confirmation of Debtors' Plan.

Respectfully submitted,

/s/ Erin M. Dooley
Charles A. Mifsud (0070498)
Special Counsel to the Attorney General
Brian M. Gianangeli (0072028)
Erin M. Dooley (0089092)
THE LAW OFFICE OF CHARLES MIFSUD, LLC
6305 Emerald Parkway
Dublin, Ohio 43016
Phone – (614) 389-6357
Fax – (614) 389-2294
Attorneys for the State of Ohio,
Department of Taxation

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Objection to Debtors' Amended Chapter 11 Plan was served electronically through the Court's ECF system at the email address registered with the Court on the 10th day of July, 2017 upon:

| | |
|---|---|
| Asst US Trustee (Col) | Jeremy Shane Flannery |
| Office of the US Trustee | Office of the United States Trustee |
| 170 North High Street | 170 North High Street |
| Suite 200 | Suite 200 |
| Columbus, Ohio 4321 | Columbus, OH 43215 |
| | |
| Amy Elizabeth Gullifer | Brian M Gianangeli |
| Bridges, Jillisky & Streng, LLC | 6305 Emerald Parkway |
| 302 S. Main Street | Dublin, OH 43016 |
| Marysville, OH 43040 | |
| | |
| Frederick M Luper | Anthony Raluy |
| 1160 Dublin Road | Rendigs Fry Kiely & Dennis, LLP |
| Suite 400 | 500 W. Jefferson St., Suite 1515 |
| Columbus, OH 43215-3301 | Louisville, KY 40202 |

I certify that a copy of the foregoing was served by U.S. mail, postage prepaid, on the 10th day of July, 2017 upon:

Richard Dee Rausch
Karen Beth Rausch
17483 Robinson Road
Marysville, OH 43040

/s/ Erin M. Dooley
Erin M. Dooley (0089092)